UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * *

Jamie Goins and Anthony Goins,
On their own behalf and on behalf
Of their minor child, L.G.,

                               Case No:

      Plaintiffs/Petitioners,

                               Honorable:

V.

Battle Creek Public Schools
And the Board of Education of the Battle Creek Public School,

      Defendants/Respondents

                               **COMPLAINT**

_____/

Kristin Totten (P72942)
Children's Advocacy Resources for Education, PLLC
Attorney for Plaintiffs/Petitioners
2442 Ramblewood Drive
Kalamazoo, MI 49009
 (269) 270-1278

_____/


<u>COMPLAINT</u>

<u>NATURE OF THE ACTION</u>

1.  This action is filed pursuant to the Individual with Disabilities Education Act (IDEA), <u>20 U.S.C. §1400 *et. seq.*</u>  The Plaintiff/Petitioners, parents of a disabled child[1], prevailed in a six day administrative hearing.  A hearing that they were forced to undertake to secure their child's right to be found eligible for special education and receive a free and appropriate public education from the Defendants and their rights as parents to meaningfully participate in his education.  They now seek a declaratory judgment of their status as a prevailing party and full

_____

[1] Pursuant to Fed. R. Civ. P 5.2 the name of the minor disabled child has been concealed by using initials.

reimbursement from the defendants of the reasonable attorney's fees, costs and pre-judgment and post-judgment interest incurred in the successful outcome of their claims as is provided for by IDEA at 20 U.S.C. §1415(i)(3)(A).

2.  The Plaintiffs status as a prevailing party under IDEA was established by the June 28, 2012, decision and order issued at the conclusion of the hearing by the Administrative Law Judge (ALJ) Susanne E. Harris.  The Michigan Department of Education (MDE) transferred the matter to the Michigan Administrative Hearing System (MAHS) and was assigned to ALJ Susanne E. Harris.  Her Decision and Order substantially changed the legal position of the parties and affirmed many of the parents' claims.  The Decision and Order is incorporated by reference and attached as Exhibit A.

## JURISDICTION, VENUE AND EXHAUSTION

3.  This is a civil action over which the court has original and exclusive jurisdiction under 20 U.S.C. §1415(i)(3)(A).  This Court also has jurisdiction pursuant to 20 U.S.C. §1415(i)(2)(A) and 28 U.S.C. §1331 and 1343.  If needed this Court also has jurisdiction to hear any pendant state claims that may be raised in this matter under the doctrine of supplemental jurisdiction set forth at 28 U.S.C. §1367.

4.  Declaratory judgments are authorized by 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

5.  Venue is proper under 20 U.S.C. §1391(b) because the defendants are located within Calhoun County, Michigan which is within the jurisdiction of the southern division of this Western Federal District Court, and all the events that are subject to this complaint took place within the jurisdiction of the district.

6. This action is brought in a timely manner pursuant to IDEA at 20 U.S.C. §1415(i)(2)(B) and the Michigan Administrative Rules for Special Education (MARSE) at R 340.1724f(5) which provides a 90 day period from the mailing of the Decision and Order to file this action.

7. Plaintiffs have exhausted all remedies available to them under IDEA as required by 20 U.S.C. §1415(i)(2).

## NOTICE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

8. Plaintiffs are not a publically held corporation or other publically held entity and there is no parent corporation or other publically held entity and there is no parent corporation.

9. There is no publically held corporation or other publically held entity that has a direct financial interest in the outcome of this litigation.

## PARTIES

10. Jamie Goins and Anthony Goins are citizens of the United States, who at all relevant times herein, resided (and continue to reside) in the City of Battle Creek, Calhoun County, Michigan, within the boundaries of the defendant-respondent Battle Creek Public School and the Western District of Michigan. They are the natural parents of L.G. As L.G.'s parents, they are also entitled to certain rights under the IDEA.

11. L.G. is a citizen of the United States, who at all relevant times herein resided with his parents in their home in the City of Battle Creek, Calhoun County, within the Western District of Michigan.

12. L.G. is an 8 year old child with significant disabilities, including autism. L.G.'s autism qualifies him as a student with a disability within the meaning of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400, *et seq*. and the Michigan Mandatory Special Education Act (MMSEA). L.G. is entitled to receive a free and appropriate public education (FAPE), based

on a procedurally and substantive correct Individualized Education Plan (IEP), from the
defendant public school district.

13.  At all times relevant herein, L.G., attended the defendant Battle Creek Public Schools.

Defendants

14.  Defendant  Battle Creek Public Schools ("District") is a public school district organized and
operating under the Michigan Revised School Code, M.C.L. §380.1 *et seq.* with its
administrative office at 3 W. Van Buren St., Battle Creek, MI 49017.  It is governed by an
elected Board of Education ("Board").  At all times relevant herein the Board administered and
operated the Battle Creek Public School as a public school district under the applicable state and
federal laws, including IDEA.

15.  At all times relevant herein, Battle Creek Public Schools is a local educational agency
(LEA), contracting the Calhoun Intermediate School District to provide a continuum of special
education programs and the LEA is responsible for providing L.G. with full and equal access to
its public education programs and activities it offers in compliance with the requirements of state
and federal law, and for providing L.G. who is eligible for special education services, with a
"free and appropriate public education" ("FAPE") under IDEA and the Michigan School Code.

GENERAL ALLEGATIONS

16.  The procedural history of this matter is set forth in detail in the Administrative Law Judge's
Decision and Order and is herein incorporated by reference and attached as Exhibit A.

17.  The Respondent school district received the Petitioner's Complaint requesting an IDEA
Hearing Officer be appointed to hear their dispute regarding their son's eligibility for special
education and subsequent special education services and placement on January 30, 2012.

18.  In their Complaint, the Petitioner parents set forth numerous facts that supported the allegations that the Respondent school district, in finding L.G. ineligible for special education and thus denying him special education and serviced, denied L.G. a Free Appropriate Public Education (FAPE)  under the IDEA 20 USC 1400 et. seq.

19.  The Petitioner parents also claimed that they were significantly denied the rights afforded to them as parents under IDEA to meaningfully participate in the determination of their son's eligibility for special education programs and services.

20.  The administrative due process hearing to address these claims occurred over the course of 5 days in March and 1 day in April of 2012.  19 witnesses testified.  The transcripts of the witnesses' testimony are contained in 5 volumes with 47 exhibits.

21.  In furtherance of its claims, the Petitioner parents obtained 5 witnesses, all of which had extensive knowledge on autism, its effect upon behavior, and how to identify children struggling with school issues related to their autism.

22.  Both parties submitted simultaneous Post-Hearing briefs, summarizing the evidence, the applicable law, proposed findings of fact and relief requested.  The brief of the Plaintiff-Petitioner, as the party carrying the burden of proof, was 84 pages in length.  Both parties simultaneously submitted replies.  The Petitioner's reply brief was 35 pages in length.  The Respondent-Defendant's reply brief was 33 pages in length.

23.  The Decision and Order in this matter was rendered on June 28, 2012 and is 36 pages in length.

24.  For the reasons set forth in detail in the attached Decision and Order, the ALJ IDEA Hearing Officer held that the Plaintiff-Petitioner's proved by a preponderance of the evidence its core claim that L.G. is a child with autism (ASD), that the ASD manifests itself in his behavior and

that his behavior is interfering with his education.  It was proven that L.G. is a student eligible for special education as a child with ASD and in need of compensatory education.

25.  The Administrative Law Judge stated in her opinion "It appears to this ALJ that the Respondent/District went through great lengths to find the Student ineligible for special education.  As such, this ALJ concludes that the Respondent/District is not entitled to deference regarding the MET's (Multi-disciplinary evaluation team) evaluations and conclusions."  Exhibit A at pg. 34.

26.  Procedural violations established that L.G.'s right to a FAPE was significantly impeded and that the Petitioner Parents' opportunity to participate in the decision-making process regarding the provision of a FAPE to the student was "significantly if not completely impeded." Such violations caused a deprivation of educational benefits.  See *Id.*

27.  The Decision and Order awards significant relief to L.G. in an effort to partially compensate him for the prior loss of an entire year of appropriate educational services, including, but not limited to:

> a.  L.G. being eligible for special education supports and services as a Student with ASD.  As such, an IEPT meeting shall be convened to develop an IEP for the Student before September 4, 2012.  The ALJ outlined in her order what needed to be contained in the IEP.

> b.  The Respondent/District retaining one of the Petitioner/Parents experts, Dr. Lloyd Peterson, as a behavioral consultant to the IEPT.  He is to direct the Respondent/District staff in conducting a current FBA (functional behavioral assessment) and developing a resulting BIP (Behavioral Intervention Plan).  He is to be retained to instruct the teachers

and services providers on how to implement the BIP, and the aide as to how to collect data once the BIP is implemented.

c.  L.G. is to receive a one-on-one aide who has completed the START (statewide autism and resources training) behavioral module.  This aide is to collect data when the BIP is implemented and shall report to and consult with Dr. Peterson at least once every two weeks regarding the data collected.

d.  Every teacher, including substitute teachers, resource room teacher, and service provider, assigned to the student shall complete the behavioral module of the START training.

e.  The School District providing compensatory education in the form of one-on-one tutoring, for one hour twice a week.  The ALJ specified that the areas of tutoring are to be in the following subjects:  math, reading, writing, and social skills.  It is up the the IEPT to determine how much time to spend on each topic, but with a particular emphasis on social skills.

f.  During the upcoming school year (2012-2013) the School District is to keep regression data to monitor the student's regression or progress in all areas, particularly his social skills/interactions throughout the year.  The IEPT is to consider ESY services, particularly for social skills, for summer 2013 based on the data collected.

g.  The District is to provide weekly written progress reports regarding the IEP goals and objectives to the Plaintiff parents.

h.  The District is to reimburse the parents for the out of pocket cost of the Nuerospychologist's report ($1400) and the ADI-R administered by Dr. Lozowski-Sullivan ($60).

i.  Expungement of all truancy records.

j.  A finding that the Petitioner/Parents are the prevailing party.

## COUNT 1

28.  Plaintiffs' reallege and incorporate paragraphs 1 through 27 as though set forth specifically herein.

29.  Defendant, Battle Creek Public School District, has violated IDEA by failing to comply with the procedural and substantive requirements of the IDEA, by failing to provide L.G. with an appropriate public education, and by significantly denying his parents their right to meaningfully participate in the eligibility determination, planning, and other aspects of their son's education.

30.  Plaintiffs' having obtained successful resolution of the case, are the prevailing party, and therefore, are entitled to reimbursement of their reasonable attorney's ffes and costs.  20 U.S.C. §1415(i)(3).

31.  As of July 12, 2012, attorney Kristin Totten had provided 316.4 hours of legal services to the Plaintiff/Petitioners.  Of these hours, 12.8 were spent in attempt to avoid due process litigation with the district.  The hourly rate for these hours was $150.00 for a total of $1,920.00.  303.6 hours were spent in due process litigation, researching, writing, and filing of the complaint that was filed on January 30, 2012.  The hourly legal fees for litigation costs is $225.00, for a total of $68,310.00.

32.  As a solo practitioner, Attorney Kristin Totten, sought the assistance, with the agreement of her clients the Petitioner/Parents, of Attorney John Brower to serve "of counsel".  The hourly fee for this service was $250.00 an hour for 12.5 hours, for a total cost of $3,125.00.

33.  The transportation costs for the 6 days of hearing were $210.88 (69.6 miles roundtrip at 50.5 cents per mile.

34.  Additional fees and costs at a total of $312.86 were accrued for faxing, copying records, creating the "hearing books", mailings, ect.

35.  Total legal fees and cost the Plaintiff/Parents have incurred as of July 12, 2012 are $73,878.74.

36.  In addition, as of the filing of this action in Federal Court on August 30, 2012, a total of 9.2 hours of legal fees at an hourly rate of $225.00 had been accrued.  A total amount the Plaintiff/Parent seeks relief is for $2070.00 for the preparation and filing of this protective action for fees in the Western District Court.

37.  Given the relief that was ordered, it is reasonably foreseeable that additional legal costs will be incurred to attend the IEP with the parents, review progress reports, review of the regression/recoupment data that is to be kept for the next school year, and ensure IEP compliance.  The Plaintiff/Petitioner requests the District be ordered to pay these reasonably foreseeable costs at a rate of $225.00 an hour.

38.  As of the filing of this motion on August 30, 2012 before noon, the Plaintiff Parents have incurred $75,948.74 in total legal fees and costs.

39.  The attorney's fees, costs and interest associated with this action continue to accumulate as this fee action proceeds, as well as any other litigation that may occur.  When all aspects of the

matter are resolved with finality, the reimbursement claim will be amended to reflect the then current amounts.

RELIEF REQUESTED—COUNT 1

CLAIM FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS

WHEREFORE, The Plaintiffs' request that the Court:

1.  Declare the Plaintiff Petitioners are the prevailing party within the meaning of IDEA at 20 U.S.C. §1415(i)(3)(B).

2.  This Court enter a judgment against Defendants in the amount of $75,948.74, as reasonable attorney fees and costs for past legal expenditures, and award additional reasonable legal fees and costs incurred in connection with the present attorney fee recovery claim, as well as additional legal fees and costs Plaintiffs' counsel incurs associated with obtaining compliance with the ALJ Hearing Officer's Decision and Order; and with all pre-judgment and post-judgment interest until the judgment is satisfied.

3.  The Court enter a reciprocal discovery order requiring the parties to furnish their billing records in this matter between January 30, 2012 and June 28, 2012, independent if a third party actually paid or is responsible for the payment of the fees and costs subject to the order.

4.  Any further relief the Court deems equitable and proper.

Respectfully Submitted,

 /s/ Kristin Totten
Kristin Totten (P72942)
Attorney for the Plaintiffs
Children's Advocacy Resources for Education
2442 Ramblewood Drive
Kalamazoo, MI 49009

## AFFIDAVIT OF ATTORNEY KRISTIN TOTTEN

1.  As of, July 12, 2012, my client, the Plaintiff/Petitioner has incurred $68,310.00 in litigation fees.

2.  I have devoted 303.6  hours to this case from January 9, 2012, which is when the Due Process Complaint was written and then filed on January 30, 2012, until May 16, 2012 when the final brief was due.

3.  My hourly rate for litigation is $225.00 an hour, which I understand to be reasonable in the area served by the Western District Federal Court.

4.  On behalf of the client I also incurred $312.86 in costs associated with faxing, copying records, the "hearing books", mailings, etc.

5.  My transportation costs for the 6 days of hearing is $210.88 (69.6 miles roundtrip at 50.5 cents per mile).

6. I spent 12.8 hours on this case, to avoid due process and have the team reconsider eligibility and the supports that L.G. needed in school.  This did not include the time spent in the IEP/MET meeting back in November.  My clients incurred $1,920.00 in legal fees during that time.  (12.8 hours x $150.00 per hour).

7.  I have also received the assistance of Attorney John Brower who was acting "of counsel" and he served in this role at a rate of $250.00 an hour and has reported to me that he dedicated 12.5 hours of advising me in this matter.

8.  Given the relief that was ordered, it is reasonable that additional legal costs will be incurred to attend the IEP with the parents, review progress reports, review of the regression/recoupment data that is to be kept for the next school year, and ensure IEP compliance.

Dated: August 30, 2012

Respectfully Submitted,

__/s/ Kristin Totten_____
Kristin Totten (P72942)
Children's Advocacy Resources
2442 Ramblewood Drive
Kalamazoo, MI 49009